GERMAN FIRE INSURANCE COMPANY OF FREEPORT ILLINOIS, Appellant, v. WILLIAM KIMBLE, Assignee, Etc., Respondent.

Kansas City Court of Appeals, May 4, 1896.

1. **Banks and Banking**: NOTE: COLLECTION: TRUST AND TRUSTEES: ASSIGNMENT. Where a bank receives a note solely for collection and transmission to the owner, the relation of trustee and *cestui que trust* obtains between the parties, and, if on collection it fails to transmit and the money is thus added to the assets of the bank, the owner can follow and reclaim the fund whether existing separate or intermingled with the moneys of the bank even in the hands of an assignee for creditors.

*Appeal from the Carroll Circuit Court.*—HON. T. M. LAVELOCK, Special Judge.

REVERSED AND REMANDED.

*Will G. Busby* for appellant.

(1) This court in this cause may look to the record and give such judgment as to them shall seem agreeable to the law and facts. *Keiser v. Gammon,* 95

Mo. 223; *Morey v. Staley*, 54 Mo. 419; *Holden v Vaughan*, 64 Mo. 590; *Rogers v. Brown*, 61 Mo. 187; *Beck v. Pollard*, 55 Mo. 26. This court may examine the agreed statement of facts. *Shaw v. Padley*, 64 Mo. 519; *Stone v. Corbett*, 20 Mo. 352. (2) It is expressly stipulated in the agreed statement of facts "that there is no evidence that the proceeds of said note were not mingled with the cash and other assets of the said Farmers Bank of Wakenda." (3) The fiduciary relation between plaintiff and the Farmers Bank of Wakenda with respect to the proceeds of the note, is clearly established. Under these facts there is no alternative but to declare that the note and its proceeds constituted a trust fund in the Farmers Bank of Wakenda. If this be the case, then the plaintiff will not have to take its chances with the general creditors of the defunct bank; but its claim should be paid in full as a preferred demand, together with the $3 protest fees. This case should be reversed. *Stoller v. Coates*, 88 Mo. 514; *Harrison v. Smith*, 83 Mo. 210; *Road Cart Co. v. Stephens*, 32 Mo. App. 346; *Meyers v. Board of Education*, 37 Am. St. Rep. 263; 53 Am. Rep. 571.

GILL, J.—This is a suit in equity, whereby plaintiff seeks to charge the assets of the Farmers Bank of Wakenda, Carroll county, Missouri (which assets are now in the hands of defendant Kimble, its assignee), with the payment of a sum of money which said bank collected for the plaintiff, and which it failed to pay over to the plaintiff. The case was tried on an agreed statement of facts, the substance of which is: On June 1, 1894, plaintiff sent to said bank for collection a promissory note for $44 on M. M. Winfrey; the agreed case states that it was, at the time, mutually agreed between the plaintiff and said bank "that plaintiff did not place the said note in said bank as a deposit for

safe keeping, or as a general customer or creditor of said bank, but intrusted same to it for the special purposes aforesaid;'' that the bank shortly thereafter collected the amount of said note from Winfrey; that said sum was not placed to the plaintiff's credit on the books of the bank; that on June 29, 1894, the bank sent to plaintiff its draft on a St. Louis bank for the amount so collected, less fifty cents for collection; that plaintiff, in due season, presented this draft, but the same was not paid and was duly protested; that on July 1, 1894, said Farmers Bank made a voluntary assignment for benefit of creditors to defendant Kimble; that plaintiff presented its claim to said assignee and asked an allowance as a preferred demand, but that said assignee declined to pay or to allow the same, and thereupon plaintiff withdrew its claim and instituted his suit.

The cause was submitted to a special judge, who gave judgment for defendant and plaintiff appealed.

Defendant's counsel have failed to furnish a brief, and we are not advised upon what theory the court decided for the defendant. The judgment was, in our opinion, for the wrong party. The agreed facts make a case of trustee and *cestui que trust*, and not of ordinary debtor and creditor. The Carroll county bank occupied a mere fiduciary relation toward the plaintiff insurance company. The bank was intrusted with a note for collection and remittance; the paper was given into the bank's possession for that purpose and that alone. Having collected the money, the bank had no other duty than to send the amount, less the charges for collection, to the plaintiff. It failed to do this, and wrongfully added the same to the bulk of its own assets. This was a tortious conversion, and such as gave the plaintiff the equitable right to follow and reclaim the fund, whether existing separate and apart, or inter-

mingled with other moneys of the bank. *Harrison v. Smith*, 83 Mo. 210; *Stoller v. Coates*, 88 Mo. 514; *National Bank v. Ins. Co.*, 104 U. S. 54.

The judgment of the court should have been for the plaintiff and directing the assignee to pay the claim in full out of the funds of the bank.

Judgment reversed and cause remanded, with instructions to the circuit court to enter a judgment as above indicated. All concur.