# Winston, Execx. &c. *v.* Miller, *et al.* Assignees, &c.

*Proceedings in Equity to Administer Trust Estate.*

1. *Administration of trust estate in court of equity; proceedings before register.*—Where a trust estate has, under the provisions of the statute, been removed into the chancery court for administration, and there is filed with the register a claim

against the trust estate, the claimant asserting a right of preference over other claims against the estate, and the trustees file an objection to the claim, upon the ground that there was no right of preference or priority in favor thereof, upon the hearing of this objection, the register, under the provisions of the statute, (Code, § 4166), is not restricted to the allowance or disallowance of the claim as a whole, but may allow the claim as good against the trust estate, but deny its right of preference or priority.

2. *Same; same.*—In such a case, if the objection filed by the trustees to the allowance of the claim is inaccurate in some respects, but its reference to the claim is sufficient to identify it as the subject of contention, such objection is sufficient to authorize its consideration by the register.

3. *Trust estate; trust property to be followed must be identified.* While in equity, trust property may be followed and kept subject to the trust of which it originally formed a part, even though it has been converted into property not identified with the trust except through such conversion, yet such property can not be followed and subjected to the trust, unless it can, in some way, be identified either in its original or substituted form.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

Thomas S. Fry was one of the executors of Augustus A. Winston, deceased. The appellant was the other. Mr. Fry was also a partner in the firm of Robins, Fry & Co., commission merchants in the city of Mobile.

Mr. Fry, as executor aforesaid, shipped forty bales of cotton to Robins, Fry & Co., which were sold by that firm for account of the executor, and the proceeds of those sales to the amount of thirteen hundred and thirty-one dollars and two cents were in the hands of that firm at the time it made an assignment for the benefit of its creditors to the appellees, which assignment was executed to the appellees, February 18, 1901.

The appellees invoked the jurisdiction of the chancery court in the administration of their trust, in accordance with the statutory provision contained in the Code of Alabama of 1896, sections 4152 to 4173, inclusive.

In compliance with the decretal order, the appellant

filed her claim against the trust fund in the appellees' hands, both as executrix of A. A. Winston, deceased, and also as an individual creditor.

The claim of appellant is sufficiently shown in the opinion.

The only objection made to and filed against these claims was made by the assignees, and is shown in the opinion. No other objection to said claim, whatsoeve was filed by any creditor or other party in interest, as provided for in section 4164 of the Code of 1896.

The register disallowed the claim of appellant so far as it claimed a preference for account of T. S. Fry, executor. Exceptions were taken by the appellant to this ruling of the register under the provisions of section 4170 of the Code of 1896. Upon the hearing of the exceptions the chancellor sustained the action of the register.

This appeal is taken under the provisions of section 4170 of the Code of 1896, from the chancellor's decree sustaining the ruling of the register holding that this claim of appellant as executrix was not entitled to a preference of payment out of the assets.

FREDERICK G. BROMBERG, for appellant.—The objecttion of the assignees was insufficient. In fact, they had no right to make such objection.—Code, § 4164; *Sampson v. Jackson,* 103 Ala. 554; Burrill on Assignments, 538; *Walker v. Miller,* 11 Ala. 1067.

The assignees of Robins, Fry & Co. were not purchasers for a valuable consideration, and, therefore, trust funds can be followed into their hands.—1 Perry on Trusts, (3d ed.), § 334; 1 Lewin on Trusts, (8th ed.), Flint's notes, star page 16, § 5; *Carter v. Lipsey,* 70 Ga. 417.

VAUGHAN & GAILLARD and MILLER & MILLER, *contra.* The proceeds of the cotton having been mingled with their own funds by Robins, Fry & Co. and used by them in their business, (with the consent of appellant and her co-executor, T. S. Fry), and the same having lost its identity and not being traced into any particular asset of said firm, the rights of appellant are precisely the same

as any other simple contract creditor of said firm of Robins, Fry & Co.—*Ellison v. Moses,* 95 Ala. 221, 227-8; *Goldthwaite v. Ellison,* 99 Ala. 497; *Goldthwaite v. Janney,* 102 Ala. 431, 441; *Bank of Florence v. U. S. Co.,* 104 Ala. 297, 300-1.

. SHARPE, J.—Robins, Fry & Company, a mercantile partnership firm, assigned property of that firm to Miller and Gillard in trust for creditors, and the administration of the trust was, on petition of the trustees, filed under the provisions of chapter 113 of the Code, brought into the chancery court. The assigned property was insufficient to fully pay creditors. Appellant, as executrix of the will of Augustus A. Winston, deceased, filed against the assigned estate a claim in form of an account for proceeds of cotton amounting to $1,331.02, to which was appended an affirmation that the money claimed for was "trust money," and a prayer that she might "be paid the sum in preference to all other claims against the assets of copartnership, except the claims of such as may be similarly situated to herself." Among other claims filed against the assigned estate, was one in favor of Sallie J. Winston for $403.02, as to which no right of preference was asserted. Within the time allowed by the statute for objecting to claims, the trustees filed an objection stated as being "to the claim filed by Sallie J. Winston against the estate of said Robins, Fry & Company for thirteen hundred and thirty-one and 02-100 dollars ($1,331.02). So far as any preference to all other claims against the assets of said firm is claimed by Sallie J. Winston, upon the ground that there is no right of preference or priority in favor of said claim." Upon a hearing of this objection, the register, proceeding under section 4166 of the Code, allowed the claim as good against the trust estate, but as not meriting priority of payment. This appeal is from a decree confirming the register's report of that hearing and result. Appellant questions the right of the trustees to so object to the claim of preference, the sufficiency of the objection in respect of definiteness and otherwise, and the propriety of the decree as affected by the merits of her claim.

The statute embodied in the chapter referred to was intended to provide a convenient and speedy mode for the execution of trusts of the kind here involved, and to that end it gives to the register in chancery powers and directions such as in ordinary practice he could obtain only from the court. To him is committed primarily the duty of hearing evidence relating to and of making orders, subject to review by the court, allowing or disallowing contested claims, so that distribution can be made according to an ascertainment of each creditor's share. Without an adjustment of asserted priorities such ascertainment and distribution would not be practicable. The statute contains nothing which expressly or impliedly restricts the right it gives to make objection to matters which go to the entire defeat of a claim. In view of the purpose of its enactment it must be understood as authorizing the making of and the hearing before the register of objections to the claim of any creditor to a preferential allowance, as well as objections to the claim as a whole.

By the terms of the statute, (Code, § 4164), the trustees were privileged to appear as objectors, and though the objection filed is inaccurate in that it describes the claim as filed by Sallie J. Winston without mentioning her executorial capacity and in that it misstates the extent of the preference she asked for, yet the reference it makes to the amount and asserted priority of this claim was sufficient to identify it as the subject of contention, and greater certainty of description was not essential.

The cotton giving rise to appellant's debt belonged to the estate of Augustus A. Winston, deceased. Robins, Fry & Company received it from Thomas S. Fry who was a partner in that firm and who as executor of the will of Winston was a co-representative with appellant of the decedent's estate. The cotton was sold by the firm before its assignment, and the price received was credited on the firm's books to T. S. Fry as executor of the estate. The proceeds of the cotton are not further traceable, for in the record there is nothing to show that any money went into the hands of the trustees, or that they received

any property representing any investment of the cotton's proceeds.

The cotton was included in the executorial trust and it may be conceded that appellant is in position to invoke the doctrine, that in equity trust property may be followed and kept subject to the trust of which it originally formed a part, even where it has been converted into property not identified with that trust except through such conversion. This doctrine, it may be further conceded, has by some decisions, been so extended as to create preferences in the distribution of the general assets of insolvent estates. See *McLeod v. Evans,* 66 Wis. 401; *Bowers v. Evans,* 71 Wis. 133. However, decisions of this court, which we adhere to, have established in accordance with what seems to be the current of authority, that the principle can be applied only where the trust property can be in some way identified either in its original or substituted form.—*Bank of Florence v. United States Savings & Loan Co.,* 104 Ala. 297; *Ellison v. Moses,* 95 Ala. 221; *Goldthwait v. Ellison,* 99 Ala. 497. Appellant having failed to show the assigned property included in any form the cotton or its proceeds was not entitled to the preference sought.—*Matter of Cavin v. Gleason,* 105 N. Y. 256.

Decree affirmed.