[Hutchinson, et al. v. National Bank of Commerce.]

# Hutchinson, et al. v. National Bank of Commerce.

*Petition to Chancery Court to Declare a Trust in Money in the Hand of Assignee of Insolvent Bank.*

[DECIDED APRIL 28, 1906, 41 So. REP. 143.]

1. *Assignment for Benefit of Creditors; Right of Creditor to Assert that a Fund is a Trust Fund; Estoppel.*—A creditor of an insolvent bank does not, by filing a petition with the register of the court administering the trust, seeking to obtain a preference over other creditors, thereby estop himself from asserting that a fund in the hands of the assignee is a trust fund held for such creditor's benefit.

2. *Banks and Banking; Collection of Draft; Relation between Bank and Owner of Draft; Contract.*—Where the holder of a draft sent it with bill of lading attached to the insolvent bank, with instructions to collect and remit to certain New York persons to owner's credit, notifying owner by number, the relation was that of principal and agent, rather than that of debtor and creditor, or general depositor, and the collecting bank could not change this relation by violating instructions, without the consent of the owner of the draft.

3. *Trusts; Following Trust Funds.*—So long as trust property can be followed, the property into which it has been converted remains subject to the trust—and if mixed with other funds, the whole will be treated as trust property, except so far as it may be distinguished from the trust fund; and this rule applies as well to money deposited in a bank, and the debt thereby created, as to other property.

4. *Same.*—The holder of a draft sent it to an insolvent bank, with instruction to collect and remit to certain parties, to the credit of the holder; the drawee of the draft paid it by giving the insolvent bank a draft on a third person; the insolvent sent this latter draft to its correspondent for collection; the drawee of this draft paid it and the correspondent turned the money thus paid over to the assignee of the insolvent bank, (the bank being insolvent at the time of the receipt of the first draft, which fact was unknown to the holder of the original draft, but known to the officers of the insolvent bank). Held, that the

[Hutchinson, *et al.* v. National Bank of Commerce.]

money was a trust fund in the hands of the assignee for the benefit of the holder of the draft, and that the trust fund was traced into the hands of the assignee of the insolvent bank.

APPEAL from Lee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

This case was tried upon an agreed statement of facts, upon petition of the National Bank of Commerce to declare a trust in its favor on money in the hands of the assignees of the insolvent Shapard Bank and objections filed to the petition by the other creditors of the insolvent bank, and the assignees. The agreed statement of fact is in the following words: It is agreed that on Feb. 19, 1905, the National Bank of Commerce in St. Louis, sent to the Shapard Bank, a draft on Erwin & Co., for $572.63 with exchange bill of lading attached, instructing that bank to collect the amount and remit in New York exchange to Messrs. Kunts Bros., Bankers, New York City, for its credit, advising it by its numbers. That on the 24th day of Feb. 1904, said Erwin & Co., paid said draft by giving the Shapard Bank a draft on Charles Schuessler & Sons, at Lafayette, Ala., for $640.00, which was the amount of the draft on Erwin & Co., and the amount of the freight on the shipment of corn covered by said bill of lading. That the Shapard Bank forwarded this Schuessler draft to the Bank of Lafayette for collection on Feb. 25, 1904, that Charles Schuessler & Sons paid said draft to the Bank of Lafayette, and said bank placed the amount thus paid to the credit of the Shapard Bank. That on the 26th day of Feb. 1904, the said Shapard Bank instead of following the instructions of the Bank of Commerce of St. Louis sent it at St. Louis, its draft No. 17130 on the Hanover Bank, New York City, payable to the order of the Commercial Bank in St. Louis, for $572.63, as proceeds of the collection of said draft, which the Commercial Bank forwarded on the 29th day of Feb., the day of its receipt, to the National Park Bank, of New York City for its credit. That on the day of the arrival of said draft No. 17130 in New York City it was presented to the Hanover National Bank which declined to pay the same, stating that the Shapard Bank was in the hands

of the Bank department. That the Shapard Bank closed its doors and ceased to do business after banking hours on the 26th day of Feb. 1904. That the Shapard Bank made an assignment of all of its property and assets to N. P. Rrenfro and A. L. Dowdell on the 3rd day of March, 1904, at which time the Bank of Lafayette was indebted to the Shapard Bank in the said sum of $640.00, paid it by Schuessler & Sons on the draft of Erwin & Co. That after said assignment the said Bank of Lafayette paid the said sum of $640 to Renfro and Dowdell as assignees of said Shapard Bank and that said assignees now hold said sum of $640.00 in their hands as said assignees. That at the time the National Bank of Commerce sent the Shapard Bank the draft on Erwin & Co., for collection and for several weeks prior thereto the Shapard Bank was in an insolvent condition in that its liabilities far exceeded its available assets, which ought to have been known to the officers of said bank and was not known to the National Bank of Commerce in St. Louis. That since said assignment, said Shapard Bank has been ascertained by sworn appraisers to be hopelessly insolvent and is so reported by the assignees. That A. E. Barnett and other objecting creditors represented by him are creditors of the said Shapard Bank.

ALBERT E. BARNETT, for Appellant.—The statute does not authorize a register to determine a contest between a creditor and the trustees as to the title of a fund in the hands of the trustee.—Sections 4152-4173, Code 1896; *Winston v. Miller,* 139 Ala. 259. A creditor cannot at the same time claim under and against the assignment.—*Rabbitt v. Orr,* 83 Ala. 185; *Espy v. Comer,* 80 Ala. 333; *Avary v. Perry,* 96 Ala. 408; *Kahn v. Peters,* 104 Ala. 523; *Staller v. Coates,* 88 Mo. 514; *Thomas v. Joslin,* 36 Minn. (1 Am. St. Rep. 624); *Nansen v. Jacobs,* 93 Mo. 331, 3 Am. St. Rep. 531. The court erred in holding the proceeds of the draft on Erwin & Co., a trust fund for appellee. Fraud either actual or constructive is an essential element and the final source of all constructive trusts.—*Ex parte Jones,* 77 Ala. 330 and

cases cited; *Piedmont Co. v. Piedmont Co.*, 96 Ala. 389; *St. Louis Brewing Co. v. Austin*, 100 Ala. 313; 15 Am. & Eng. Ency. of Law, (2nd Ed.) 1184-5-6; 7 Ib. 5 and note; Pom. Eq. Sec. 1044.

The proceeds of the draft did not become a trust fund in the hands of the bank.—1 Morse on Bank (4th Ed.) pp. 982-3; *Billingsley v. Pollock*, (Miss.) 30 Am. St. Rep. 585; *Bowman v. Bank*, (Wash.) 43 Am. St. Rep. 870; *Aiken v. Jones*, (Tenn.) 42 Am. St. Rep: 922; *Sayles v. Cox*, (Tenn.) 49 Am. St. Rep. 940; *First National Bank v. Davis*, (N. C.) 41 Am. St. Rep. 795; *National Butcher's Bank v. Hubbell*, (N. Y.) 7 L. R. A. 852.

If the funds in the hands of the bank are not impressed with the trust at the time the bank ceases to do business, they are not trust funds in the hands of the assignee.—*Bowman v. Banks, supra.* The court erred in holding that the appellee was not a creditor of the Shapard Bank. After the collection of the draft, the drawing bank became simple contract creditor for the amount thereof.—*Bank of Florence v. U. S. Saving Co.*, 104 Ala. 279 and authorities supra.

These authorities also sustain the position that the courts take judicial knowledge of the custom of collecting banks to take the specie to their own use and forward its exchange or certificate of deposit therefor. They deny that under such circumstances the relation of cestui que trust and trustee exists. Depositors not stipulating for interest are entitled to preference in payment over all other creditors, and the constitutional provision so stating is self executing.—Const. 1901, sec. 250; *Willis v. Maybin*, (Minn.) 31 Am. St. Rep. 626; *Jones v. McPhillips*, 77 Ala. 314; *Miller v. Marks*, 55 Ala. 222.

The creditors of the bank may object to the allowance of any claim filed against the trust estate.—Sec. 4164, Code 1896.

GEORGE P. HARRISON, for Appellee.—To create a trust it is not necessary to show that the identical funds received by the bank went into the hands of the receiver.

It is sufficient if the fund in his hands was increased to the extent of the deposit.—*St. Louis Brewing Assn. v. Austin,* 100 Ala. 313; *Rochester Printing Co. v. Loomis,* 93 U. S. 458; *New York Breweries Co. v. Higgin,* 79 Hun. 250; 75 Fed. 771. When the person for whom the collection is made orders the bank to collect and remit this negatives the right to credit the proceeds on general account.—1 Morse on Banks, Par. 185-188. The title to deposits received on the eve of suspension remain in the depositor and the depositor is entitled to re-claim the deposit or the proceeds.—*Grant v. Walsh,* 45 Am. St. Rep. 626; 3 Am. & Eng. Ency. of Law, p. 847, note 4.

As long as trust property can be traced and followed, the property into which it has been converted remains subject to the trust and if trust funds become mixed with other funds, the whole will be treated as trust property, except so far as it may be distinguishable.—*National Bank v. Insurance Co.,* 104 U. S. 54; *Evansville Bank v. German Bank,* 155 U. S. 556; Zane on Banks, 1900, Sec. 174; Morse on Banks, (94th Ed. Vol. 1), Sec. 248; *St. Louis Brewing Assn. v. Austin, supra;* Bircher v. Walther, 163 Mo. 416; *Hall v. Draper,* 158 Mo. 197; *Pearson v. Haydel,* 90 Mo. App. 253.

DOWDELL, J.—The Shapard Bank, being insolvent, made an assignment for the benefit of its creditors. This trust was being administered in the chancery court under chapter 113, §§ 4152, 4173, of the Code of 1896. The money claimed by the Bank of Commerce as being held in trust for its benefit was in the hands of the assignees of the Shapard Bank, and held and claimed by the assignees under the deed of assignment. The Bank of Commerce, in filing its petition before the register in chancery seeking a preference over the insolvent bank's creditors, did not thereby estop itself from asserting a claim to the fund in question as a trust fund held for its benefit.—*Winston v. Miller,* 139 Ala. 259, 35 South. 853. Under the agreed statement of facts, on which the case was heard by the chancellor, the relation between the Bank of Commerce and the Shapard Bank was neither

that of creditor and debtor in the ordinary sense, nor of general depositor, but rather that of principal and agent. The draft on Erwin & Co., with bill of lading attached, sent to the Shapard Bank for collection by the Bank of Commerce, was coupled with instructions from the latter bank for specific application of the proceeds of the draft when collected. These specific instructions took the particular transaction without the ordinary course between corresponding banks, in which the relation of creditor and debtor, or general depositor, would result; and the collecting bank could not, without the consent of the initial bank, and in violation of the latter's instructions, alter or change the relation so created, by any subsequent conduct or action of its own in dealing with the proceeds of the draft when collected. The Shapard Bank was insolvent at the time it received the draft for collection, which fact was known to the officers of said bank, but unknown to the Bank of Commerce. To permit the insolvent bank under such circumstances, by its dealings in the collection of the draft, and in violation of the instructions given, to prejudice the right of the owner of the funds when collected, would be contrary to every principle of equity and justice. The principles above stated, we think, are fully sustained by authority.—Morse on Banking (4th Ed) vol. 2, § 568, and volume 1 of the same author, §§ 185, 188, 248; Zane on Banks and Banking, §§ 174, 190, 344; 3 Am. & Eng. Ency. Law (2d Ed.) p. 847, and note 4; *Grant v. Walsh,* (N. Y.) 45 Am. St. Rep. 626.

The doctrine is well established that, so long as trust property can be traced and followed, the property into which it has been converted remains subject to the trust; and, if one mixes trust funds with his own, the whole will be treated as trust property, except so far as he may be able to distinguish what is his. This doctrine applies in every case of a trust relation, and as well to moneys deposited in a bank, and to the debt thereby created, as to every other description of property.—*National Bank v. Insurance Co.,* 104 U. S. 54, 26 L. Ed. 693; *Evansville Bank v. German Bank,* 155 U. S. 556; 15 Sup. Ct. 221, 39 L. Ed. 259; *St. Louis Brewing Co. v.*

[Taylor v. Hutchinson, et al.]

*Austin,* 100 Ala. 313, 13 South. 908; *Bircher v. Walther,* 163 Mo. 461, 63 S. W. 681; *Paul v. Draper,* 158 Mo. 197, 59 S. W. 77, 81 Am. St. Rep. 296.   In the case at bar, it is shown that Erwin & Co. paid the draft of the Bank of Commerce by their draft on Schuessler & Sons, which was sent by the Shapard Bank to the Bank of Lafayette. The last-named bank collected the money from Schuessler & Sons, which it afterwards paid to the assignees of the Shapard Bank.   So the fund in question is traced directly into the hands of the assignees and was accompanied with the trust character with which it was originally impressed.   We concur in the conclusion of the chancellor, and his decree will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.