[No. 1688, February 15, 1915.]

# FIRST NATIONAL BANK OF RATON v. DENNIS.

## SYLLABUS BY THE COURT.

1. A bank to which paper is intrusted for collection, in the absence of an agreement to the contrary, becomes the owner of the money collected, and, when collected and proper credit is given to the holder or owner, the relation of debtor and creditor is created between the parties.

P. 101

2. The condition of insolvency in a collecting bank, known to its officers, impresses the proceeds of the collection with a trust in favor of the owner, or holder, of the paper.

P. 101

3. Where a special agency is created and the collecting bank has no authority to hold and credit proceeds of paper, but is bound by the agreement to remit them immediately to its correspondent (or owner or holder), the relation of trustee and beneficiary is created, and the money collected, or its equivalent, can be recovered from the assignee of the insolvent bank, if the funds be traceable.        P. 102

4. The true test of the existence or nonexistence of a trust in the proceeds of collections made by an insolvent bank is whether or not the relation of debtor and creditor exists be-

tween the insolvent bank and the one seeking to establish the trust, and if it exists there is no trust.

P. 103

Appeal from District Court, Curry County; Richardson, Judge.

Action of the First National Bank of Raton against Charles E. Dennis, receiver of the American Bank & Trust Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded, with directions.

EDWARD C. CRAMPTON of Raton, for appellant:

. Instructions between banks to remit collections made, establish the relation of principal and agent, not that of debtor and creditor.

Hutchinson v. National Bank of Commerce, 41 So. (Ala.) 143.

When no course of dealing has existed between the parties, paper accepted for collection is under express directions to collect and remit and the money in the hands of the bank is a trust fund.

Nat'l. Life Ins. Co. v. Mather, 118 Ill. App. 491; Midland Nat. Bank v. Brightwell, 1 Am. St. R. (Mo.) 608; Hunt v. Townsend, 26 S. W. (Tex.) 310; Jones on Insol. Corps., par. 141; Jones v. Kilbreth, 31 N. E. (Ohio) 347; Massey v. Fisher, 62 Fed. 958.

Such money constitutes a trust fund.

St. L. & S. F. Ry. Co. v. Johnson, 133 U. S. 566; Cent. Nat. Bank v. Conn. M. Ins. Co., 104 U. S. 54; Peters v. Bain, 133 U. S. 670; Massey v. Fisher, 62 Fed. 958; Brennan v. Tillinghast, 201 Fed. 609; Amer. Can Co. v. Williams, 176 Fed. 817; Larkin v. Metcalf, 202 Fed. 572; Holder v. Western German Bank, 136 Fed. 90; Bd. of Coms. v. Strawn, 157 Fed. 49; In Re Brown, 193 Fed. 24; Fidelity & Dep. Co., etc. v. Rankin, 124 Pac. (Okla.) 71; Hall v. Beymer, 125 Pac. (Colo.) 561; Foster v.

Rincker, 35 Pac. (Wyo.) 47; Plano Mfg. Co. v. Auld; 86 N. W. (S. D.) 21; Griffin v. Chase, 54 N. W. (Neb.) 572; Wallace v. Stone, 65 N. W. (Mich.) 113; State v. Edwards, 52 L. R. A. (Neb.) 859; Thompson v. Gloucester State Bank, 8 Atl. (N. J.) 97; Ins. Co. v. Nat. Bank, 52 Pac. (Kan.) 440; People's City Bank v. Rochester, 96 N. Y. 32; Fire Ins. Co. v. Kimble, 66 Mo. App. 370; Windstanley v. Second Nat'l. Bk., 41 N. E. (Ind.) 956; McLeod v. Evans, 57 A. R. (Wis.) 287; Kimmell v. Dickson, 25 L. R. A. (S. D.) 309; People v. Merchant's Bank, 92 Hun. 159; Schuyler v. Littlefield, U. S. Adv. Opinions, 466.

Confusion does not destroy the equity but converts it into a charge upon the entire mass, giving to the injured party a prior right over the other creditors of the possessor.

American Can Co. v. Williams, 176 Fed. 817; Peters v. Bain, 133 U. S. 670; Spokane County v. First Nat'l. Bank, 68 Fed. 979; Multnomah County v. Oreg. Nat'l. Bank, 61 Fed. 912; Ins. Co. v. Caldwell, 52 Pac. (Kan.) 440; Fogg v. Bank of Friar's Point, 32 So. (Miss.) 285; State v. Foster, 88 Pac. 926.

The beneficiary may follow the mixed fund and enforce a charge thereon and it will be presumed that the withdrawals made by the trustee were from the latter's own part of the fund, so long as there remained for use a part of the trustee's own money.

Hewitt v. Hays, 91 N. E. (Mass.) 32; Cotting v. Berry, 114 Pac. (Colo.) 641; Empire Security Co. v. Carroll County, 194 Fed. 641.

HARRY L. PATTON of Clovis, for appellee.

The complaint does not state that the debtor bank was insolvent at the time of the transaction.

When a bank accepts a collection, the relation of principal and agent is created and when the collection is made

the relation of debtor and creditor is established and thereafter prevails.

Tiffany on Banks & Banking, 205; Bank v. Armstrong, 148 U. S. 50; First Nat'l. Bank v. Wilmington & W. R. Co., 77 Fed. 401; 1 Morse on Banks & Banking, 248; Marine Bank v. Fulton Co. Bank, 2 Wall. 252; Freeman's Nat'l. Bank v. National Tube Co., 151 Mass. 413; Bowman v. First Nat'l. Bank, 38 Pac. (Wash.) 211; Sales v. Cox, 95 Tenn. 579; Hallam v. Tillinghast, 52 Pac. (Wash.) 329; Atkin v. Jones, 93 Tenn. 25; G. Ober & Sons Co. v. Cochran, 43 S. E. (Ga.) 322; Amer. Nat'l. Bank v. Pedley, 146 Ky. 194; McCormick Har. Co. v. Yankton Savings Bank, 15 S. D. 196; Gordon v. Rasines, 25 N. Y. S. 767; Union Nat'l. Bank v. Citizen's Bank, 153 Ind. 44; National Butchers & Drovers Bank v. Hubbell, 117 N. Y. 384; Peters Shoe Co. v. Murray, 31 Tex. Civ. App. 259; First National Bank of Richmond v. Davis, 114 N. C. 343; Billingsley v. Pollock, 69 Miss. 759.

## STATEMENT OF FACTS.

On or about May 29, 1913, the First National Bank of Raton, Raton, N. M., forwarded to the American Bank & Trust Company of Clovis, N. M., for collection a sight draft on one J. A. Latta, of Clovis, for the sum of $1,086.62, and exchange with bill of lading attached. Instructions accompanying the draft specifically stated that the item was to be collected and the bill of lading delivered only on payment of the draft upon the amount of which allowance might be made for the sum of $137.83, on account of freight, provided the original paid freight bill was returned with the collection, and the American Bank & Trust Company was further instructed upon collection to remit or return the amount collected. The draft was paid by Latta, June 4, 1913, by giving his personal check on another Clovis bank for the sum of $948.79, and the surrender of the original receipted freight bill for the sum of $137.83, which was according to instructions. On or about June 16, 1913, and not later than June 17, 1913, the American Bank & Trust Company, of Clovis, was found to be insolvent and placed in the hands

of the State Bank Examiner, in which condition it remained until on or about the 2d day of July, A. D. 1913, when, upon application of the Attorney General of the state of New Mexico, it was adjudged insolvent and the appellee herein, Charles E. Dennis, was, by order of the district court, appointed receiver, and at once took charge of the books, property, assets, moneys, and credits of said bank as such receiver, and since said date has had full charge and control thereof.

It is alleged that the two banks had never had any dealings prior to this transaction, the collection of the Latta draft being the first business between the two institutions, and no remittance of any kind has ever been made of any part of the proceeds of the Latta draft. From the date of the collection of the Latta draft, to-wit, June 4, 1913, to the date of the appointment of the receiver, and his taking charge of the American Bank & Trust Company, that bank had on hand, at all times, in cash, a sum greater than the amount collected on the Latta draft; and, at the time that the receiver took charge of the assets of said bank, he received as a part of said assets an amount of cash greater than the amount collected from the Latta draft. So far as appears, no preferred claims or trust funds have been declared or admitted to be in the hands of said receiver, or among the assets of said bank; and therefore, if the amount due upon the Latta draft is declared to be a trust fund in the hands of the receiver, it will be the only trust fund and preferred claim known to date, the amount of which will necessarily be deducted from the amount of cash turned over to the receiver. Proof of claim for the allowance of the amount due to the First National Bank on the Latta draft was thereafter filed with the receiver, who refused to allow the amount due on said draft as a preferred claim against the estate of the insolvent bank, and on or about the 10th day of October, A. D. 1913, the appellant herein filed suit in the district court of the Fifth judicial district for the county of Curry, setting forth in detail the facts outlined above and praying judgment, and for an adjudication of preference over general creditors. To the complaint there was

filed by the receiver, now appellee, a general demurrer, which was thereafter sustained, and appellant granted 10 days in which to file an amended complaint. Appellant having decided to stand upon its original complaint, final judgment was entered on the 5th day of February, A. D. 1914, from which judgment appellant has prosecuted this appeal.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above)—The essential question here presented for consideration is whether the complaint presents a state of facts entitling the plaintiff, appellant here, to priority in the allowance of its claim; the issue being raised by defendant's demurrer to the complaint.

[1] The question is peculiarly one of fact rather than law, and is calculated to create a natural divergence of opinion in its solution. The authorities have widely differed in the rules laid down as determinative of the question, but it is unquestioned, we believe, that the general rule is that a bank to which paper is intrusted for collection, in the absence of an agreement to the contrary, becomes the owner of the money collected, and, when collected and proper credit is given to the holder or owner, the relation of debtor and creditor is created between the parties. Michie on Banks and Banking, § 166; 3 R. C. L. § 262.

This has been said to arise by reason of the well-known custom of banks to commingle proceeds of collection with their own funds, which it is to be assumed all who deal with banks have full knowledge of and give assent to by their very dealing.

[2] We do not understand that either party questions the general rule, as stated, but the appelle contends that the only exception to this rule which would create a trust relation between the parties arises in the case of the insolvency of the collecting bank, known to the officers of the institution, a condition not presented by the complaint in this case.

The condition of insolvency in a collecting bank, known to its officers, impresses the proceeds of the collection with a trust in favor of the owner, or holder, of the paper. Michie on Banks and Banking, § 166; St. Louis & S. F. Co. v. Johnston, 133 U. S. 566, 10 Sup. Ct. 390, 33 L. Ed. 683.

[3] We cannot, however, agree that this constitutes the sole exception to the general rule first stated.

It is to be noted that the general rule was stated with the qualification "in the absence of an agreement to the contrary." We find the conclusion irresistible that the best statement of the qualification of the general rule is that where a special agency is created, and the collecting bank has no authority to hold and credit proceeds of paper, but is bound by the agreement to remit them immediately to its correspondent (or owner or holder), the relation of trustee and beneficiary is created, and the money collected, or its equivalent, can be recovered from the assignee of the insolvent bank, if the fund is traceable. Morse on Banks and Banking, § 166; Michie on Banks and Banking, § 166; Jones on Insolvent Corporations, 141.

It is thus to be seen that the exception to the rule is not based solely upon the element of insolvency known to the officers, and therefore amounting to a fraud upon the unsuspecting customer, but arises out of the agreement, or limited agency in the collecting bank, violation of which likewise amounts to a fraud upon the rights of the customer. We are therefore of the opinion that the exception to the general principle is not dependent altogether upon the existence of insolvency in the collecting bank, but may arise out of a violation of the agreement, or failure to comply with the terms upon which the item for collection is left with the collecting bank. This exception to the rule as last set out, in this opinion, finds support in the following authorities: American Can Co. v. Williams, 178 Fed. 420, 101 C. C. A. 634; Wallace v. Stone, 107 Mich. 190, 65 N. W. 113; Hunt v. Townsend, et al. (Tex. Civ. App.) 26 S. W. 310; Thompson v. Gloucester City Sav. Inst. (N. J.) 8 Atl. 97; Insurance Co.

v. Kimble, 66 Mo. App. 370; National Life Ins. Co. v. Mather, Rec., et al., 118 Ill. App. 491; Plano Mfg. Co. v. Auld, 14 S. D. 512, 86 N. W. 21, 86 Am. St. Rep. 769; Hutchinson et al. v. National Bank, etc., 145 Ala. 196, 41 South. 143; Hall v. Beymer, 22 Colo. App. 271, 125 Pac. 561.

[4] It is our opinion that the true test of the existence or nonexistence of a trust in the proceeds of collections made by an insolvent bank is whether or not the relation of debtor and creditor exists between the insolvent bank and the one seeking to establish the trust, and, if it exists, there is no trust. See cases collected in note to American National Bank v. Pedley, Rec., etc., 38 L. R. A. (N. S.) 146.

In the case under consideration, it is admitted by the demurrer that the instructions accompanying the draft were that the item was to be collected and proceeds returned to the transmitter, and that there had been no previous course of business or dealings of any kind between the parties; the collection in question being the first business transacted between the parties. These facts, we believe, clearly establish that the relation was not one of debtor and creditor, but that of principal and agent, and the breach of the terms of the agreement, which arose upon the acceptance of the conditions of the collection, constituted a fraud entitling the forwarding bank to a preference in the assets of the receiving or collecting bank now insolvent.

Ordinarily, there would remain the further question, possibly, as to whether the trust fund can be traced into the hands of the receiver or assignee; but it is conceded by appellee that the allegations of the complaint in reference to the tracing of the funds into the hands of the receiver are sufficient, and we are therefore not called upon to pass upon this question.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded, with instructions to overrule the demurrer and proceed with the cause in accordance with this opinion.

ROBERTS, C. J., and PARKER, J., concur.