[Sac. No. 718.   Department Two.—January 8, 1901.]

# B. McGORRAY, Appellant, v. STOCKTON SAVINGS AND LOAN SOCIETY, Respondent.

Bank Deposit—Specially Indorsed Certificate—Conditional Delivery—Title.—The mere special indorsement of a certificate of deposit issuéd by the defendant bank to the plaintiff, so as to make it payable to the sheriff of the county, and its conditional delivery to the bank, to be delivered by it to the sheriff, when he should deliver to the bank for the plaintiff a certificate of redemption of certain lands, does not vest title or any interest in the certificate in the sheriff, unless he complies with the condition.

Id.—Failure of Condition—Certificate not Claimed nor Reindorsed—Recovery of Deposit.—Where the sheriff wholly failed to comply with the condition, and never at any time accepted or received the certificate of deposit, or laid any claim thereto or to the money deposited, the fact that he never reindorsed the certificate will not preclude a recovery by the plaintiff from the bank of the amount deposited by him therein.

Id.—Agency of Bank for Plaintiff—Termination—Revocation.—The bank, by such transaction, became the agent of the plaintiff to do a particular thing, and the plaintiff as principal could terminate the agency at any time before the authorized act was performed, and before any rights of a third person had intervened; and the agency was terminated by the revocation thereof by the plaintiff.

Id.—Burden of Proof Upon Bank.—Upon revocation of the agency of the bank by the plaintiff, the burden of proof was upon the bank to show that some other claim was made upon it for the money deposited; and upon failure to sustain such burden, the plaintiff was entitled to have the money deposited by him repaid to him.

Appeal from Judgment—Lapse of Time—Reversal Upon Findings.—An appeal from the judgment, taken more than six months after its entry, cannot be considered, and cannot authorize a judgment to be entered for the appellant upon the findings, though the facts found might warrant such judgment if the appeal were taken in time.

Order Denying New Trial—Review Upon Appeal—Decision Against Legal Effect of Evidence.—Upon a proper appeal from an order denying a new trial, where the grounds of the motion are insufficiency of the evidence to justify the decision and that the decision is against law, the order will be reversed where the

CXXXI. Cal.—21

legal effect of the evidence as a whole is against the decision, even though it be assumed that the findings made separately, from those embodied in the conclusions of law are supported.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

L. W. Elliott, and A. H. Carpenter, for Appellant.

Nicol, Orr & Nutter, for Respondent.

CHIPMAN, C.—Plaintiff brings the action to recover from defendant bank twelve thousand seven hundred and seventy-eight dollars and five cents alleged to have been deposited with the bank by plaintiff on September 19, 1894, with instructions "to pay the same to Thomas Cunningham, sheriff of San Joaquin county, provided the said sheriff called for the same and left with the bank for plaintiff a certificate of redemption of certain real property on or before the fifteenth day of November, 1894." The complaint further alleges that "the said sheriff having failed to call for said money, and leave for plaintiff with said bank said certificate of redemption, and the time for so doing having elapsed, the plaintiff demanded of said defendant bank . . . . the amount of money deposited with it as aforesaid," which was refused, etc. This demand is alleged to have been made about November 15, 1894. Upon this complaint judgment was demanded against the defendant bank.

The bill of exceptions shows that on motion of defendant the court ordered plaintiff to bring in Cunningham as a party to the action by proper amendment; that thereafter plaintiff filed an amended complaint in the title of which he named Cunningham as defendant; that no allegation was made of or concerning Cunningham, or any interest asserted by him in the money in controversy; that Cunningham appeared by general demurrer and it was sustained by plaintiff's consent, and plaintiff's counsel refusing to amend as to Cunningham, and plaintiff consenting, judgment on demurrer was given in favor of Cunningham, and he seems to have passed out of the case. The court found that on September 19, 1894, plaintiff deposited

with the defendant bank twelve thousand seven hundred and seventy-eight dollars, and at his request the bank issued to plaintiff a certificate of deposit as follows:

"No. 61,575.

"STOCKTON SAVINGS AND LOAN SOCIETY.

"Certificate of Deposit 15.

"Stockton, Cal., September 19, 1894.

"B. McGorray has deposited in this bank ($12,778) twelve thousand seven hundred and seventy-eight dollars, payable to himself, or order, on return of this certificate properly indorsed.

"S. S. LITTLEHALE,

"Assistant Cashier.

"This certificate does not bear interest. Not subject to check."

That subsequent to the issuance and delivery of the certificate McGorray indorsed it as follows: "Pay to Thomas Cunningham, sheriff of the county of San Joaquin," (signed) B. McGorray; that thereafter, and with said indorsement thereon, so made by him, McGorray delivered said certificate to the bank, with instructions to hold the same subject to the order of Cunningham, sheriff as aforesaid, and to deliver the same to him and pay him said money "at any time when he, said Cunningham, should deliver to the defendant for plaintiff a certificate of redemption of certain lands situate in the county of San Joaquin"; that defendant has ever since held, and now holds, said certificate, and it has been during all said time, and is now, ready, able, and willing to deliver the same to Cunningham upon his delivery to it for McGorray a certificate of redemption of said land, and defendant has been able and willing at all said times to pay the money represented by said certificate to plaintiff upon the proper indorsement thereof; that plaintiff on several occasions inquired of defendant at its bank how he could obtain the money represented by said certificate, and on each occasion was informed by defendant's officers that such money would be paid on the indorsement of said certificate by said Cunningham; that in the month of May, 1898, plaintiff demanded of defendant payment to him of said sum, and at the same time defendant, on said demand, offered to pay plaintiff

said money upon the written order of said Cunningham or upon the indorsement of said certificate by Cunningham; that such order or indorsement of said Cunningham was at no time obtained or made, and no demands other than as above were ever at any time made by plaintiff, and no certificate of redemption of said land has been delivered to defendant for plaintiff. As conclusion of law the court found that by the indorsement of said certificate of deposit and delivery thereof to defendant plaintiff created and vested in Cunningham, sheriff of said county, an apparent interest in said certificate and the money represented thereby; that defendant cannot safely pay said money or any part thereof without the order or indorsement of the certificate by Cunningham, and plaintiff can take nothing by his action. Judgment went for defendant, from which and from an order denying plaintiff's motion for a new trial plaintiff appeals.

There is no evidence whatever that Cunningham at any time had any interest or claimed any interest in the money or certificate of deposit; he was not in privity with either the plaintiff or the bank; he had nothing to do with making the deposit; the indorsement of the certificate to Cunningham did not in itself operate to transfer any title to or interest in it, or in the money it represented, in the absence of any act of Cunningham by way of acceptance or confirmation; he was a stranger to the transaction and in ignorance of it, and it was only in the event that he did a certain thing that the certificate was to be delivered to him and he was to be entitled to the money; he never did this thing, and it is not pretended that he was prevented from doing it by plaintiff, or that he ever offered or that he still desires to do it. When brought into court as defendant he made no claim to the property and suffered the case to be tried without answer by him. Defendant asked that he be made a party to the action, and yet when brought in it took no steps to cause Cunningham to answer. The fact is that Cunningham made no claim to the property so far as the evidence discloses, and it was a matter of indifference to plaintiff whether he became a defendant or not. Defendant asked in its answer that Cunningham be made a party, but it did not allege that he claimed any interest in the property or that he "made demand .... for such property" upon defendant, as

required by section 386 of the Code of Civil Procedure. Cunningham was not put to his answer by either party, and so far as we can see the case stands as though Cunningham at no time had anything whatever to do with the matter and was wholly ignorant of what plaintiff had done. The question, then, is, Could plaintiff recall his deposit, and would the payment of the money to him by defendant discharge the latter from all liability? We think the answer must be in the affirmative. The bank became the agent of plaintiff to do a particular act (Civ. Code, secs. 2295, 2297); and the principal (plaintiff) could terminate the agency at any time before the act was performed and before any rights of third persons had intervened; the agency was terminated by its revocation. (Civ. Code, sec. 2356.) The evidence was that the condition on which the particular act was to have been performed never happened, and that the only third person who by any possibility was concerned in the matter is not shown to have acquired any rights or to have been in any way interested in the subject of the agency. Upon revocation of the agency by plaintiff the burden was on defendant to show that other claim was made upon the deposit, and in this defendant failed and plaintiff was entitled to have the money paid to him.

Respondent's point that the notice of appeal from the judgment was not made within six months after entry of judgment and that such appeal cannot be considered, is well taken (Code Civ. Proc., sec. 939); and this court cannot, therefore, direct a judgment to be entered for plaintiff if it were so disposed. Plaintiff gave notice of a motion to vacate the judgment and enter another and different judgment, and correct the conclusions of law filed in the action, under sections 663 and 663½ of the Code of Civil Procedure. This notice was separate from the notice of motion for a new trial. The motion for a new trial was heard and denied, but the motion to vacate the judgment and correct the conclusions of law seems not to have been made, nor was any order entered on such a motion. We assume that appellant does not rely on this motion.

No question is raised, however, as to the consideration of the motion for a new trial, and we will raise none. It was specified in the notice that the evidence was insufficient to justify the

decision and that the decision is against law. Assuming that the evidence supports the findings, still it must follow from what has been already said that the order denying a new trial should be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is reversed and the cause remanded for a new trial.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.