## TITLOW v. SUNDQUIST.*

(Circuit Court of Appeals, Ninth Circuit. August 7, 1916.)

### No. 2652.

BANKS AND BANKING ⊜⟿153—DEPOSITS FOR SPECIAL PURPOSE—"LOAN."

Where plaintiff, in behalf of the mortgagor, deposited money in the bank for the purpose of discharging a mortgage indebtedness to another, and the bank made, but retained, a certificate of deposit in favor of the mortgagee and notified her thereof, the transaction was not a loan, but the bank held the money in trust for the mortgagee, and, on its failure before execution thereof, the plaintiff could recover the sum deposited, as against general creditors of the bank.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 356, 483–501; Dec. Dig. ⊜⟿153.

For other definitions, see Words and Phrases, First and Second Series, Loan.]

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

---

Action by John E. Sundquist against A. R. Titlow, as Receiver of the United States National Bank of Centralia, Wash., Walter Gustafson, and Izella J. Smith. Gustafson and Miss Smith disclaimed. Judgment was rendered for plaintiff, and defendant Titlow appeals. Affirmed.

Frederick Bausman, R. P. Oldham, and R. C. Goodale, all of Seattle, Wash., for appellant.

B. A. Crowl, of Tacoma, Wash., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The appellee Sundquist brought this suit in the court below against the receiver of the United States National Bank of Centralia, state of Washington, to recover $1,296 alleged to have been deposited by the plaintiff in the action with the defendant bank under an express agreement between the parties that the bank would pay it to one Izella J. Smith in satisfaction of a note executed to her by one Gustafson for $1,200, upon which there was also then due $96 in interest, secured by a mortgage upon certain lands, and under which agreement the said money was not to be used by the bank for any other purpose. Gustafson and Miss Smith were also made parties defendant to the action, both of whom, however, at the trial disclaimed any interest in the fund in question.

The evidence in the case is very brief, and there is no substantial conflict in it. It shows that on August 31, 1914, the appellee Sundquist had on deposit in the bank $3,000, for which he held three certificates of deposit in equal amounts. Gustafson, the maker of the note and mortgage to Miss Smith, was his son-in-law, and he wished to pay off that indebtedness. On the day mentioned he went to the bank, taking with him two of the certificates of deposit, aggregating $2,000, had them canceled, received from the bank $604 in cash, a new certificate of deposit for $100, and directed the bank to pay to Miss Smith the remaining $1,296 upon the cancellation of the note and mortgage, which the bank agreed to do, its vice president, Gilchrist, executing to Sundquist this receipt:

"Centralia, Wash., 190—.

"Received from John E. Sundquist twelve hundred ninety-six dollars, a/c mortgage, Walter Gustafson to Izella J. Smith, $1,200.00 & int. $96.00.

"C. S. Gilchrist, V. P.

"$1,296.00."

On the same day the bank prepared this certificate of deposit, which, however, was not delivered but was retained by it:

"The United States National Bank.

"Centralia, Wash., Aug. 31, 1914.

"No. 12215.

"Izella J. Smith has deposited in this bank twelve hundred ninety-six dollars, $1,296.00, payable to the order of herself—on return of this certificate properly indorsed.

"U. S. National Bank, J. W. Daubney, Cashier.

"Not subject to check.

"[In pencil] From Walter Gustafson."

A few days later the bank wrote to Miss Smith this letter (omitting caption):

"Centralia, Wash. September Fourth, Nineteen Fourteen.

"Izella J. Smith, Olympia, Wash.—Dear Madam: Mr. Walter Gustafson of Rochester has deposited $1,296.00 with us to pay a certain note and mortgage held by you. We would ask that you forward the same direct to us with a proper release and we will be pleased to be of service in effecting settlement.

"Very truly yours, C. S. Gilchrist, Vice President."

Before the matter was consummated the bank failed, having on hand, according to the testimony of Gilchrist, between $20,000 and $30,000 in cash when it closed. Miss Smith having disclaimed any interest in the $1,296.00, the question is whether the court below was right in giving Sundquist judgment for that sum as against the general creditors of the bank. We think the judgment right.

"All deposits," said the Supreme Court in Marine Bank v. Fulton Bank, 2 Wall. 252, 256 (17 L. Ed. 785), "made with bankers may be divided into two classes, namely, those in which the bank becomes bailee of the depositor, the title to the thing deposited remaining with the latter, and that other kind of deposit of money peculiar to the banking business, in which the depositor, for his own convenience, parts with the title to his money, and loans it to the banker; and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand."

Manifestly the $1,296 left by Sundquist with the bank of which the appellant is receiver, to be paid over to Miss Smith upon her cancellation of the note and mortgage executed to her by Gustafson, was not of the latter character, but, on the contrary, was deposited with the bank for that specific purpose, and under the express agreement of the bank to execute the purpose. It was in no sense a loan by Sundquist to the bank of $1,296, and the bank did not owe him that sum or any other amount by reason of that transaction, but held it in trust for the purpose stated. The obvious result is that it did not pass to the general creditors of the insolvent bank, and on the failure of the latter to execute the trust, for whatever reason, the owner of the money is legally and justly entitled to its recovery.

A case directly in point is that of Montagu et al. v. Pacific Bank et al. (C. C.) decided by Judge Morrow and reported in 81 Fed. 602, where a number of authorities are cited in support of his conclusion, which need not be repeated here.

The judgment is affirmed.