ZIEGENHAGEN, Respondent, vs. SURING STATE BANK,
Appellant.

*May 16—June 12, 1917.*

*Conversion: Misapplication of money by bank: Evidence.*

In an action for conversion of money deposited by plaintiff with the
defendant bank and paid by the bank directly to one K., the evi-
dence is *held* to sustain a verdict to the effect that plaintiff ex-
pressly instructed the bank to use the money in paying a note
given by plaintiff to K., which was then held by another bank.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge.  *Affirmed.*

Action to recover for an alleged conversion of $280 and
interest.  The claim of the plaintiff was that he placed $280
with the defendant with instructions to use it in paying his
note of $275, held by the Cecil State Bank, which was given
by plaintiff to one Kuehl, and indorsed by him to said bank,
and that, instead of doing so, it paid the money to Kuehl.
The question litigated was whether plaintiff directed the
money to be paid to the Cecil State Bank, as he claimed.
There was a conflict in the evidence in respect thereto.  In
answer to a special question involving such matter the jury
found in favor of plaintiff and judgment was rendered ac-
cordingly.

For the appellant there was a brief by *Allan P. Classon,*
attorney, and *A. J. Whitcomb,* of counsel, both of Oconto,
and oral argument by *Mr. Classon.*

For the respondent there was a brief by *Lehner & Lehner*
of Oconto Falls, and oral argument by *Philip Lehner.*

MARSHALL, J.  The several assignments of error, so far
as they seem debatable on the record, come down to the one
question of whether the verdict is warranted by the evidence.
The evidence of respondent, standing alone, that he depos-

ited the money with the appellant for the special purpose of paying his note held by the Cecil State Bank, is quite as credible as that of the cashier of appellant who transacted the business in its behalf, that the money was deposited for the benefit of August Kuehl, who withdrew it. The answer admits that appellant received the money for an express purpose, therefore if it used the same for a different purpose, obviously it is liable therefor.

The circumstances of the transaction in question quite persuasively corroborate the evidence of respondent. He owed Kuehl $200 on book account. He borrowed $1,000 of appellant. Part was used to pay the amount owing thereto by respondent on several notes, $200 was withdrawn to pay Kuehl on the book account, $280 was left with appellant for the controverted special purpose, and the balance was deposited to be drawn by check. If respondent intended the $280 for Kuehl, it seems probable that he would have withdrawn it as he did the $200, and paid it to him. It is hardly reasonable that he directed the money to be paid Kuehl when it was intended to be used to take up the note and that had been sold by him to the Cecil bank. The most natural thing was to leave the money to be used in payment to such bank of the note, if respondent had been informed, as the jury might well have found was the case, that it held the note. Certainly, it is hardly believable that he left the money with appellant to be paid to Kuehl or any one without production and surrender of the note.

When the $1,000 loan was made, appellant's cashier made a memorandum of the disposition of it, containing the words and figures "August Kuehl's order $280." That was either handed to plaintiff or sent to him by mail. It was unsigned and obviously did not constitute a contract. Taken in connection with the cashier's testimony, it indicates that the $280 was to be used to pay the note, not to be unqualifiedly paid to Kuehl. The note was, in effect, an order by Kuehl

to pay the money to the holder thereof which was the Cecil State Bank.

The jury might well have found, under all the circumstances, that the memorandum was designed to be of the fact that August Kuehl's note was to be taken up with the money. There was considerable evidence, circumstantial and direct, to support that view. We will not prolong this opinion to refer thereto in detail. There is ample in the record to sustain the verdict.

*By the Court.*—The judgment is affirmed.