STOLL, Administratrix, Respondent, v. THE MEADE COUNTY BANK OF STURGIS et al., Appellants.

(163 N. W. 565.)

(File No. 4113.   Opinion filed June 26, 1917.)

1. **Escrow—Land Purchase—Special Deposit in Trust With Bank Cashier—Finding re Defective Title, Pleading, Stipulation, as Affecting.**

In a suit by one claiming that her decedent was beneficiary of a sum of money alleged to have been placed in defendant bank as a special deposit pursuant to a land purchase, to await the determination of the court in an action between the parties to the land sale, the money to be paid to said decedent if title was held to be defective, and if held good, to be paid to the other party to the escrow, there being a finding in the principal case that title to the land was found defective, held, that the contention of appellants, said bank and the bank examiner, that there was no evidence to sustain the finding that title was found defective in an action between the vendor and vendee of the land, is untenable, in view of vendor's answer in the principal case, admitting that title was found defective, and of a stipulation upon the trial that "the title was afterwards found defective by this court;" since, while the stipulation did not expressly state that the finding of defectiveness was in an action between the parties to the sale, yet said admissions by vendor relieved the bank from liability to him; and appellants' rights could not be prejudiced if the court did go further in its finding than the wording of stipulation, or the admission, justified.

2. **Same—Bank Deposit of Purchase Money—Party to Deposit, Evidence, Where Court to Determine Whether Land Title Defective—Finding—Immaterial Error.**

Where a finding, in a suit by a vendee's administratrix against a bank cashier, the bank, and the bank examiner, was to the effect that the sum of money sued for was deposited by said vendee and the vendor of land, with the bank cashier

as such, to be held in trust as an escrow and to be paid over to vendor if title to the land were held good by court in a suit between the parties to the sale, or to vendee if title found defective, **held**, that appellants' objection that there is no evidence that vendee was a party to the placing of the money in the bank is untenable; since, while evidence does not show that he participated in the actual deposit, it does appear from the finding that the deposit was made as an escrow to be delivered to one or the other—vendee or vendor—in accordance with the outcome of suit brought to determine title to the land; and the error in said finding is immaterial.

3.  **Same—Land Purchase Money Deposit in Bank—Evidence, as Supporting Finding of Deposit With Cashier, or With Bank?— Preferred Claim vs. Insolvent Bank.**

Nor is appellants' contention that the evidence does not support the finding that this money was deposited as a trust fund with the bank or with its cashier as such, but shows it entrusted to the cashier in his individual capacity, tenable; or that appellants bank and bank examiner are not liable to plaintiff's decedent, vendee, therefor; in view of the abundance of evidence sustaining finding. that the money was entrusted to bank through its cashier, and became a special deposit in the bank, and, being a special deposit, the amount thereof should be paid as a preferred claim upon bank's insolvency.

Appeal from Circuit Court, Meade County. Hon. FRANK B. SMITH, Judge.

Action by Lena Stoll, as administratrix of the estate of Richard Stoll, deceased, against The Meade County Bank of Sturgis, a corporation, J. L. Wingfield, Public Examiner of the State of South Dakota, in charge of said bank, Samuel G. Linch, and Elizabeth S. Ladd, administratrix of the estate of W. E. Ladd, deceased, to recover the amount of an alleged special deposit in escrow in defendant bank through Ladd, its cashier, for plaintiff's intestate's benefit. From a judgment for plaintiff, and from an order denying a new trial, defendants bank and bank examiner appeal. Affirmed.

*Chas. D. Howe,* and *W. G. Rice,* for Appellants.

*Harry P. Atwater,* for Respondent.

(3) To point three of the opinion, Respondent cited: Woodhouse Admx. v. Crandall, 178. Ill. 104, 58 L. R. A. 385.

WHITING, J.  This cause was tried to the court without a jury. The following facts found by the court are the only ones we need consider:  Defendant Meade County Bank was on

February 3, 1911, a banking corporation organized to do business under the laws of this state with W. E. Ladd its cashier and managing officer in charge of its business. On the said 3d day of February, 1911, one Richard Stoll purchased certain land of defendant Linch, and, in connection with said purchase, there was deposited by Linch and Stoll, with the said W. E. Ladd as cashier of said bank, the sum of $1,250.80, which sum the said bank, and the said Ladd as its cashier, was to hold in trust as an escrow and to pay over to the said Linch or to the said Stoll in accordance with the outcome of an action in court brought to determine the title to the said land sold by Linch to Stoll—if the title should be held defective the said sum to be paid to Stoll, otherwise to Linch. Without the consent of either Stoll or Linch, Ladd, as such cashier, for convenience placed the said money so specially deposited with the said bank with the other funds of the bank, and issued therefor, payable to himself, trustee, a demand certificate of deposit, which certificate was retained by him. In proceedings had in court, in an action wherein defendant Linch and the said Stoll were parties, the title to the said land was held to be defective. Ever since the 3d day of February, 1911, there has been in the bank in the hands of the examiner in charge thereof cash largely in excess of the amount of said special deposit. Upon such findings the trial court concluded that the bank received said funds in trust for the benefit of Stoll, and that plaintiff was entitled to recover judgment for the amount so intrusted to the bank, with interest, which judgment should be a preferred claim to be paid pro rata with other preferred claims in due course of settling the affairs of said bank. The court entered a judgment in accordance with such conclusions. From such judgment and an order denying a new trial, this appeal was taken by defendants bank and bank examiner.

[1] Appellants contend that there was no evidence to sustain the finding that the title to the land sold by Linch to Stoll was found defective by the court in an action between Linch and Stoll. The defendant Linch, by his answer interposed herein, admitted that the title was found defective, and it was stipulated upon the trial that "the title was afterwards found defective by this court." While this stipulation did not expressly state that it was so found defective in an action between Linch and Stoll, yet, in view of the

admission made by Linch which would relieve the bank from any liability to him, it certainly could in no manner prejudice appellants' rights if the court went further in its finding than the exact wording of the stipulation or admission justified.

[2] Appellants contend that there is no evidence that Stoll was a party to the placing of this money in the Meade County Bank. While the evidence does not show that he participated in the actual deposit, yet it does appear that the deposit was made as an escrow to be delivered to one or the other—to him or Linch—in accordance with the outcome of the action brought to determine the title to said land. The error in the finding is immaterial.

[3] Appellants seem to rely chiefly upon the contention that the evidence does not support the finding that this money was deposited as a trust fund with the bank or with Ladd as its cashier; they contend that the evidence shows such money to have been intrusted to Ladd in his individual capacity and not as cashier. Starting with such contention as a basis, appellants urge that they are not liable. It is unnecessary for us to consider the merits of the legal propositions advanced by appellants in this connection, because we are satisfied that there was ample evidence to sustain the finding that the money was intrusted to the bank through Ladd as its cashier, and that the money became a special deposit in said bank. There is and could be no contention but that if this money was deposited in the bank as a special deposit, then, under the other facts found, the judgment was correct.

As the evidence supports the findings, except in the immaterial matters above referred to, the judgment and order appealed from are affirmed.