## A. L. PIERSON AND ANOTHER v. SWIFT COUNTY BANK.[1]

May 29, 1925.

No. 24,524.

**Deposit for special purpose may be withdrawn or revoked by depositor.**

1. A deposit, made for a special purpose, remains the property of the depositor until applied to that purpose and, until so applied, is held by the depositary as agent of the depositor who may withdraw it or revoke the authority to apply it to the specified purpose at any time before it has been so applied.

**Bank not liable to vendor for amount of vendee's check if latter withdraws his funds from bank.**

2. Where a vendee draws a check on his bank payable to the bank for the vendor and delivers it to the bank with instructions to pay the amount thereof to the vendor on delivery of the deed, but thereafter withdraws his funds from the bank before they have been so applied, the bank is not liable to the vendor for the amount of the check.

1. See Banks and Banking, 7 C. J. p. 632, § 307; p. 633, § 307.

2. See Banks and Banking, 7 C. J. p. 633, § 307 (1926 Anno).

Action in the district court for Swift county on a check. The case was tried before Baker, J., and a jury which returned a verdict for plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*Daly & Barnard* and *Hudson & Hudson*, for appellant.

*George T. Simpson* and *John I. Davis*, for respondents.

TAYLOR, C.

Plaintiffs, residents of Muscatine, Iowa, made a contract to sell a farm in Swift county, Minnesota, to the Wilmers Land Agency of Benson in that county. The Wilmers Land Agency in turn made

[1]Reported in 204 N. W. 31.

a contract to sell the farm to George B. Bingham. It was arranged that the deed should run direct from plaintiffs to Bingham, and that Bingham should give back a mortgage to plaintiffs for the deferred part of the purchase price. A cash payment of $5,000 was to be made on March 1, 1920, at which time the deed and mortgage back were to be delivered. On March 24, 1920, the land agency deposited in defendant bank a check payable to the land agency for $5,720 drawn by Bingham on a South Dakota bank and the amount was credited to the checking account of the land agency. At the same time the land agency drew a check for $5,020 on defendant bank and payable to defendant bank "for A. L. Pierson." The next day, pursuant to instructions, defendant wrote to Thompson & Thompson, attorneys for plaintiffs at Muscatine, Iowa, stating that the land agency had deposited its check of $5,020 for the payment due March 1 and wished to examine the deed, and, if it was all right, would then make the payment, and asked that the deed be sent to defendant for collection with instructions in respect to recording the deed and the mortgage. On April 12, 1920, Thompson & Thompson wrote defendant:

"Enclosed find warranty deed to George Bingham from A. L. Pierson which you are to deliver unto Mr. Bingham or his order upon his prior performance of the following conditions. * * *

"We also enclose you the mortgage upon said lands to be filed by you in case Mr. Bingham accepts the deed upon the foregoing conditions in which event you are to file the mortgage of record keeping out such sums as will reimburse yourselves for any expense incident to this matter."

On April 14, 1920, defendant wrote Thompson & Thompson:

"This will acknowledge receipt of your favor of the 12th enclosing warranty deed from A. L. Pierson and wife to George B. Bingham, also mortgage to be executed by Mr. Bingham and wife to A. L. Pierson.

"We note your instruction and shall govern ourselves accordingly."

The land agency drew checks on its bank account continually, and when the deed arrived did not have sufficient funds on deposit to pay the check given to defendant to cover the payment due plaintiffs, and never afterwards had sufficient funds to pay this check. It had drawn out its entire deposit and closed its account long before the commencement of this action. During the summer of 1920 there was considerable correspondence in respect to the payment due plaintiffs, but without any result. In October, 1920, one of the firm of Thompson & Thompson went to Benson and made an agreement with the land agency by which the land agency promised to make the delinquent payment and to complete the transaction in accordance with the terms then agreed upon. He did not see defendant, but thereafter wrote defendant stating the terms of settlement and giving defendant full instructions as to the manner in which it was to be carried out. The land agency, however, failed to perform any part of its agreement, and the check for $5,020, the deed and the mortgage still remain in defendant's possession, although defendant disclaims any interest in them or any right to retain them. In December, 1923, plaintiff brought this action to collect from defendant the sum of $5,020, the amount of the check, claiming that delivering the check to defendant constituted a special deposit of the amount for which it was drawn and that defendant held such amount as bailee for plaintiff.

The trial resulted in a verdict for plaintiff, and defendant appealed from an order denying the usual alternative motion for judgment non obstante or for a new trial.

Plaintiff concedes that depositing the Bingham check and crediting the amount thereof to the account of the land agency created between defendant and the land agency the usual relation of debtor and creditor existing between a bank and its depositors. But plaintiff contends that by delivering to defendant a check drawn on this account payable to the order of defendant, for plaintiff, with instructions to pay the amount thereof to plaintiff on delivery of a satisfactory deed, the land agency created a special deposit to which plaintiff became entitled when the deed was received by defendant.

The check was payable to defendant, not to plaintiffs. We will concede, as claimed by plaintiffs, that it was equivalent to a deposit with defendant by the land agency of the amount thereof for the special purpose of paying the instalment due plaintiffs on delivery of a satisfactory deed conveying the property to Bingham. Plaintiffs forwarded the deed, but required the performance of certain conditions before its delivery. In the view we take of the transaction it is not necessary to consider the effect of these conditions, for title to the deposit never passed to plaintiffs and defendant never held it as their agent or bailee.

The authorities cited by plaintiffs as supporting their contention may be divided into two classes.

First: Those in which a bank, while holding a special deposit or a deposit made for a special purpose, became insolvent, and it was held that such deposits were not assets of the bank and could be recovered from the receiver or other liquidator into whose possession they had passed. Examples of this class are: Stein v. Kemp, 132 Minn. 44, 155 N. W. 1052; Stabbert v. Manahan, supra, page 214, Kimmel v. Dickson, 5 S. D. 221, 58 N. W. 561, 25 L. R. A. 309, 49 Am. St. 869; Stoll v. Meade County Bank, 39 S. D. 136, 163 N. W. 565; Ziegenhagen v. Suring State Bank, 166 Wis. 22, 163 N. W. 184; First Nat. Bank v. Hummel, 14 Colo. 259, 23 Pac. 986, 8 L. R. A. 788, 20 Am. St. 257; Fogg v. Tyler, 109 Me. 109, 82 Atl. 1008, 39 L. R. A. (N. S.) 847, Ann. Cas. 1913E, 41; Titlow v. Sundquist, 234 F. 613, 148 C. C. A. 379.

Second: Those in which the bank had applied the deposit to some purpose other than that for which it was made and was held liable for the funds so diverted. The following are examples of this class: Eshbach v. Byers, 164 Ill. App. 449; Cutler v. Amer. Exch. Nat. Bank, 113 N. Y. 593, 21 N. E. 710, 4 L. R. A. 328; First Nat. Bank v. Graham, 85 Pa. St. 91, 27 Am. Rep. 628.

The rules applied in those cases are undoubtedly correct, but the facts do not bring the present case within them.

A deposit, made for a special purpose, remains the property of the depositor until applied to that purpose and, until so applied, is held by the bank or other depositary as the agent or bailee of

the depositor, and the depositor may withdraw it or may revoke the authority to apply it to the specified purpose, at any time before it has been so applied. Simonton v. First Nat. Bank, 24 Minn. 216; First Nat. Bank v. Higbee, 109 Pa. St. 130; McGorray v. Stockton Sav. & Loan Soc. 131 Cal. 321, 63 Pac. 479; Trustees Howard College v. Pace, 15 Ga. 486; Mayer v. Chattahoochee Nat. Bank, 51 Ga. 325; Star Cutter Co. v. Smith, 37 Ill. App. 212; In re Davis (D. C.) 119 F. 950; Hutchinson v. Nat Bank of Commerce, 145 Ala. 196, 41 South. 143; City of Miami v. Shutts, 59 Fla. 462, 51 South. 929; Brockmeyer v. Washington Nat. Bank, 40 Kan. 376, 19 Pac. 855; Anderson v. Pacific Bank, 112 Cal. 598, 44 Pac. 1063, 32 L. R. A. 479, 53 Am. St. 228; Stoller v. Coates, 88 Mo. 514; Amer. Exch. Nat. Bank v. Loretta G. & S. Min. Co. 165 Ill. 103, 46 N. E. 202, 56 Am. St. 233; Woodhouse v. Crandall, 197 Ill. 104, 64 N. E. 292, 58 L. R. A. 385.

The making of the deposit in question was a matter wholly between defendant and the land agency. Plaintiffs were not parties to it and were not bound by it in any way. No action taken by the land agency and the defendant could make defendant plaintiffs' agent to receive payment. The deposit could not operate as payment until applied as such and accepted as such by plaintiffs. Defendant held it as the agent of the land agency which had the right to withdraw it or to revoke the authority given defendant at any time before it had been actually applied to the specified purpose. The land agency had withdrawn a part of the deposit before the deed arrived and thereafter withdrew the remainder. This operated to revoke the authority of defendant to apply it as originally directed. Simonton v. First Nat. Bank, 24 Minn. 216, and other cases cited above. As the land agency retained title to and control over the deposit and withdrew it before it had been applied on the payment due plaintiffs under the land contract, plaintiffs have no cause of action against defendant. The order appealed from is reversed and judgment will be entered for defendant.

Stone, J., took no part.