MERCHANTS BANK OF NAPOLEON, NORTH DAKOTA, a Corporation, Appellant, v. J. H. SCHATZ, F. G. Mehlhaff, and A. H. Ihme, Respondents.

(230 N. W. 18.)

Opinion filed March 26, 1930.

*Arthur B. Atkins,* for appellant.

*Jacobsen & Murray* and *Paul O. Kretschmar,* for respondents.

NUESSLE, J. The plaintiff is a domestic corporation engaged in the banking business at Napoleon, North Dakota. In 1925, the defendant Schatz was in sole charge of the bank as cashier. In March of that year he was desirous of buying a house and lot in Napoleon and arranged with his father-in-law, the defendant Mehlhaff, to borrow $1,500 for that purpose, agreeing to secure the loan by a mortgage upon the property. Mehlhaff accordingly deposited that amount in the plaintiff bank.

An account was opened on the books of the bank in his name and he was credited therein with $1,500. When the deposit was made Mehlhaff was given a duplicate deposit slip endorsed "Subject to check on sale of house by J. H. Schatz." The duplicate slip retained by the bank contained a similar notation. Thereafter plaintiff negotiated for the purchase of the house, but during the summer of 1925 and between the time of the deposit in March and the 5th of August, Schatz checked his money out and used it for other purposes. Mehlhaff had no knowledge of this fact. In September, 1925, Schatz bought the house, paying $1,600 for it, but used the funds of the plaintiff bank to do so. Schatz at once moved into the house and lived there with his family until he sold the property to the defendant Ihme in January, 1927. On December 31, 1925, Schatz executed a note for $1,500 to the defendant Mehlhaff secured by a mortgage on the house executed by himself and his wife. He caused this mortgage to be recorded and at once delivered it together with the note to Mehlhaff. The note drew interest at the rate of 7 per cent per annum and was payable January 1, 1927. In October, 1926, the bank was closed as insolvent. On January 13, 1927, Schatz sold the house on contract to the defendant Ihme for $2,000. Ihme assuming the mortgage and giving five notes for $100 each for the excess, payable respectively, January 1st, February 1st, March 1st, April 1st, and May 1st, 1928. Ihme went into possession of the premises in March, 1927. At the time he bought the property he had no notice of any claim to it on the part of the plaintiff bank. On January 17, 1927, Schatz executed and delivered a deed to the property to Mehlhaff and assigned the contract and notes to him. The record does not disclose any consideration for this transfer and assignment and Mehlhaff retained the $1,500 note and mortgage. In September, 1927, the bank was reopened and shortly thereafter this action was begun, the plaintiff seeking to impress a trust upon the property by reason of the fact that the money with which it was purchased was embezzled from and belonged to it, superior to the rights and claims of the defendants Mehlhaff and Ihme. The notes executed by Ihme as part of the purchase price have not been paid and continue in the possession of Mehlhaff. No part of the mortgage debt to Mehlhaff has been paid except interest in the sum of $140 paid May 1, 1927. Mehlhaff paid taxes in the amount of $93.82 on August 30, 1928.

The trial court found the facts substantially as set out above and held that Mehlhaff was a good faith holder of the mortgage for value and that the same was a first and superior lien upon the property; that Ihme was a good faith purchaser; that Mehlhaff was entitled to a foreclosure of the mortgage for the amount remaining unpaid on the note, together with interest thereon, and the amount of taxes with interest thereon from date of payment; that the plaintiff bank was the owner of the property subject to the mortgage of Mehlhaff and subject also to the contract with Ihme, but entitled to the proceeds of such contract after discharging the lien and mortgage of Mehlhaff. Judgment was entered accordingly. From this judgment the plaintiff bank appeals demanding a trial de novo in this court.

An examination of the record discloses that the findings as made by the trial court are fully justified thereby. There is no question but that Mehlhaff deposited the $1,500 to the credit of his account in the plaintiff bank and that Schatz fraudulently appropriated this money. Neither is there any question but that Schatz subsequently purchased the house with moneys embezzled from the plaintiff bank. When the bank accepted the $1,500 deposit and credited Mehlhaff's account therewith, it had knowledge that this deposit was to be used for a specific purpose and that Schatz had authority to check it out only for that purpose. Under these circumstances the deposit was a special deposit in the sense that it was to be used for a specific purpose, and if the bank knowingly permitted it to be checked out by Schatz for some other purpose the bank became liable therefor. See Morton v. Woolery, 48 N. D. 1132, 24 A.L.R. 1107, 189 N. W. 232; Ziegenhagen v. Suring State Bank, 166 Wis. 22,.163 N. W. 184. Now Schatz was the sole managing officer of the bank. He checked the money out for his own purposes contrary to the terms of the deposit. His knowledge concerning the matter was the knowledge of the bank, and so the bank was liable to Mehlhaff for the amount thus misappropriated by Schatz. Emerado Farmers Elevator Co. v. Farmers Bank, 20 N. D. 270, 29 L.R.A.(N.S.) 567, 127 N. W. 522. See also Lilly v. Hamilton Bank, 29 L.R.A.(N.S.) 558, and note (102 C. C. A. 1, 178 Fed. 53).

When Schatz bought the house in September he fraudulently used the moneys of the bank to make the purchase. He took the deed in his own name. So the bank's money paid for the property and so the bank

may follow this money and reclaim it in whatever form it can be found. Thus the bank is entitled to impress a trust upon the property here involved unless prevented by intervening equities. See §§ 6273 and 6280, Comp. Laws 1913; Northern Dakota Elevator Co. v. Clark, 3 N. D. 26, 53 N. W. 175; Newton v. Porter, 69 N. Y. 133, 25 Am. Rep. 152; Lightfoot v. Davis, 198 N. Y. 261, 29 L.R.A.(N.S.) 118, 139 Am. St. Rep. 817, 91 N. E. 582; Pom. Eq. Jur. § 1051, and cases cited.

Mehlhaff made the deposit in the plaintiff bank in good faith. He had no knowledge that Schatz had abused his trust with respect to the deposit or that Schatz had in fact purchased the property with funds misappropriated from the bank. He took the note and mortgage in good faith believing that the arrangement which he had made with Schatz was being regularly carried out. So he now contends that he is a good faith holder and owner for value of the note and mortgage without notice of any claim to the property on the part of the bank and that therefore his mortgage is superior to any right which the bank has in it. He predicates his contention upon the statute, § 6910, Comp. Laws 1913, a section of the negotiable instruments law, which provides that "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time." If this were a controversy between Mehlhaff and Schatz, there is no question but that this contention must then prevail. But it is not. The contest is between Mehlhaff and the bank. The property was bought with the bank's money. In equity it belongs to the bank unless Mehlhaff became a purchaser without notice in good faith and for value. Pom. Eq. Jur. § 1051. The statute, § 7303, Comp. Laws 1913, also provides: "A valuable consideration is a thing of value parted with, or a new obligation assumed at the time of obtaining a thing, which is a substantial compensation for that which is obtained thereby. It is also called simply 'value.'" Mehlhaff at the time he took the note and mortgage from Schatz did not part with anything of value. No new obligation was at that time assumed by him. So that as against the plaintiff bank he gave no value when he received the mortgage and so as against the true owner, the bank, his mortgage cannot stand unless because of other considerations. See Arntson v. First Nat. Bank, 39 N. D. 408, L.R.A.1918F, 1038, 167 N. W. 760.

But this is an action in equity. The plaintiff is seeking to impress a trust in its behalf upon the property in question superior to the claims of Mehlhaff. As we have shown above, plaintiff is responsible to Mehlhaff for the $1,500 deposit although it paid that amount to Schatz and charged the payment to Mehlhaff's account on its books, for the payment was contrary to the terms of the deposit under which the plaintiff received it, and this plaintiff knew when the payment was made. The plaintiff must do equity, and, therefore, under these circumstances, though it is entitled to be decreed the owner of the property, it must take such property charged with the mortgage of Mehlhaff to the extent of the claim for which it is responsible to Mehlhaff. That is, $1,500 with interest thereon at the rate of 7 per cent per annum from and after the 31st day of December, 1925, together with $93.82 the amount of taxes paid on August 30, 1928, with interest at 6 per cent per annum from that date, less the credit of $140 paid on the mortgage debt on May 1, 1927. See Citizens State Bank v. Iverson, 30 N. D. 497, 153 N. W. 449.

The defendant Ihme bought this property without notice of any claim thereon on the part of the plaintiff. His contract is good as against the plaintiff, but the plaintiff is entitled to the proceeds thereof when the terms of the contract are complied with.

The judgment of the district court is affirmed.

BURKE, Ch. J., and BIRDZELL, CHRISTIANSON, and BURR, JJ., concur.